1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEPHEN GARCIA,                                    No.  2:24-cv-02532-TLN-SCR

12                   Plaintiff,

13           v.                                           ORDER

14    GEORGE ROBINSON, et al.,

15                   Defendants.

16

17          Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the

18    undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed

19    in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  *See* 28 U.S.C.

20    § 1915(a)(1).  The motion to proceed IFP will therefore be granted.  However, for the reasons

21    provided below, the Court finds Plaintiff's complaint is legally deficient but will grant Plaintiff

22    leave to file an amended complaint.

23                                          I.  SCREENING

24          A.     Legal Standard

25          The federal IFP statute requires federal courts to dismiss a case if the action is legally

26    "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

27    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

28    reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1  Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

2  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

3      Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

4  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

5  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

6  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

7  sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

8  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

9  the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

10  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

13  court will (1) accept as true all of the factual allegations contained in the complaint, unless they

14  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

15  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von*

16  *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*

17  *denied*, 564 U.S. 1037 (2011).

18      The court applies the same rules of construction in determining whether the complaint

19  states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

20  must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

21  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

22  less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

23  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

24  inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

25  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

26  to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

27  556 U.S. 662, 678 (2009).

28      To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

2

1    state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

2    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

4    678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

5    to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*

6    *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

7        B.    The Complaint

8        Plaintiff's complaint names two defendants, George Robinson and Bobby Chapman. ECF

9    No. 1 at 2. Plaintiff and both Defendants are alleged to reside in Sacramento, California. *Id.*

10    Plaintiff checks the box on the form complaint for federal question jurisdiction, but then he does

11    not list any federal statute, treaty, or constitutional provision at issue. ECF No. 1 at 3-4. Plaintiff

12    then affirmatively pleads that all the parties are citizens of California. *Id.* at 4-5. Plaintiff does

13    not plead an amount in controversy, but instead states he "has been doing business with them over

14    20 years." *Id.* at 5. The factual statement is very brief and partially illegible, but appears to say

15    that Plaintiff wants Loaves & Fishes and the Gospel Light Mission closed down. *Id.* Plaintiff

16    requests monetary damages. *Id.* at 6.

17        C.    Analysis

18        The complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff does

19    not plead a federal statute or other provision of federal law upon which his claim is based.

20    Plaintiff affirmatively pleads that diversity of citizenship jurisdiction is lacking by pleading that

21    all parties are citizens of California. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)

22    (diversity jurisdiction requires "complete diversity of citizenship" where "the citizenship of each

23    plaintiff is diverse from the citizenship of each defendant."). Plaintiff also failed to plead the

24    amount in controversy.

25        The complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it

26    does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or

27    a short and plain statement showing Plaintiff's entitlement to relief. The exact nature of

28    Plaintiff's claims is unclear from the complaint. There is no allegation of what Defendants

3

allegedly did, or how such action or inaction allegedly harmed Plaintiff.  The complaint contains no identifiable causes of action under either state or federal law.  As the complaint fails to plead a jurisdictional basis and fails to state a claim upon which relief can be granted, dismissal would be appropriate.  *See* 28 U.S.C. § 1915(e).  However, Plaintiff is proceeding pro se, and a pro se litigant should be given notice of the deficiencies and leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar*, 698 F.3d at 1212.  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make Plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline*

1   *Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

2   supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

3   Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

4   original complaint, each claim and the involvement of each defendant must be sufficiently

5   alleged.

6                                   III.  CONCLUSION

7          Accordingly, **IT IS HEREBY ORDERED** that:

8   1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

9   2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint

10      that addresses the defects set forth above.  The amended complaint shall be captioned

11      "First Amended Complaint."  The amended complaint must include a sufficient

12      jurisdictional statement and comply with Rule 8.  If Plaintiff fails to timely comply with

13      this order, the undersigned may recommend that this action be dismissed.

14  3.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice

15      of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil

16      Procedure.

17  DATED: December 3, 2024

18

19                                     _____

20                                     SEAN C. RIORDAN
                                       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                            5