UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE ROBINSON, et al.,<br><br>　　　　　Defendants. | No. 2:24-cv-2532-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff Stephen Garcia is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636. The undersigned now recommends that this action be dismissed for failure to prosecute.

     On September 18, 2024, Plaintiff filed a complaint and a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 and 2. On December 3, 2024, this Court screened the complaint per the screening process required by 28 U.S.C. § 1915(e)(2) and found the complaint was deficient in that it did not comply with Federal Rule of Civil Procedure 8. ECF No. 3. The complaint did not contain a short and plain statement setting forth the basis for federal jurisdiction or showing Plaintiff's entitlement to relief. ECF No. 3 at 3-4. The Court's order provided in relevant part that Plaintiff shall have 30 days to file an amended complaint, and such amended complaint "must include a sufficient jurisdictional statement and comply with Rule 8." *Id.* at 5. The Order warned that failure to comply may result in a recommendation that the action be

dismissed. *Id.* Plaintiff did not file an amended complaint.

On January 14, 2025, the Court issued an order to show cause why the action should not be dismissed based on lack of jurisdiction or for failure to state a claim. ECF No. 4. The order warned that failure to respond would result in a recommendation to dismiss the action. ECF No. 4 at 2. A review of the Court's docket indicates that both of the Court's prior orders were returned as undeliverable. Parties to litigation have an obligation to keep the Court informed as to their current address. *See* Local Rule 183(b) ("A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address."). If mail is returned as undeliverable and the party "fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." *Id.*

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted). As to factors one and two, Plaintiff appears to have taken no action in this matter since the filing of the complaint six months ago and has failed to respond to two court orders. "The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court's need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload in this District. The third factor is neutral given that there is no demonstrable prejudice to Defendants at this point, however, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). The fourth factor weighs against dismissal. The Court has considered less drastic alternatives and concludes that dismissal without prejudice is appropriate. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("we can imagine no less drastic sanction that was available" other than dismissal without prejudice where the litigant had failed to update his address and any further order to show cause or order imposing

sanctions "would only find itself taking a round trip tour through the United States mail.")

Therefore, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the Court's orders and Local Rules.  *See* Fed. R. Civ. P. 41(b); Local Rules 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 11, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE